**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROLYN LAYTON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-00454-AGF |
| | ) | |
| **FRONTLINE ASSET STRATEGIES, LLC,** | ) | |
| **et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

## I.  INTRODUCTION

Defendants are not legally permitted to unilaterally and extra-judicially assess interest on a judgment.  Defendants disregarded this fact and attempted to collect funds from Plaintiff that the Honorable David Hoven of the Franklin County, Missouri Circuit Court did not award. Within their Motion to Dismiss, Defendants argue that, while the underlying state court judgment did not award post-judgment interest, such interest is authorized by Missouri Revised Statute § 408.040.  Defendants miss the point.  There is a qualitative difference between an amount being expressly *authorized* versus an amount that the Court actually *awarded*.

In Missouri, even if an amount is authorized by statute, it must be awarded within the judgment in order for it to be recoverable.  The most recent and controlling decisions from the Missouri Supreme Court and Missouri Courts of Appeals each embraced this reasoning in the context of post-judgment interest under Section 408.040: "**[E]ven though mandated by statute, the award of post-judgment interest must be included in the original judgment to which it applies or in a timely amendment to that judgment**."  <u>Peterson v. Discover Prop. & Cas. Ins.</u>

Co., 460 S.W.3d 393, 413 (Mo. Ct. App. 2015) (citing McGuire v. Kenoma, LLC, 447 S.W.3d 659, 666–67 (Mo. banc 2014)); see also SKMDV Holdings, Inc. v. Green Jacobson, P.C., No. ED 102493, 2016 WL 1469995 (Mo. App. E.D. Apr. 12, 2016).

Simply stated, if Defendants want to collect post-judgment interest on a judgment in Missouri, then they possess the minimal obligation to ensure that interest is awarded on the face of the judgment. In this case, Defendants attempted to collect funds from Plaintiff that Judge Hoven did not award. Taking these facts as true, Defendants unquestionably attempted to collect from Plaintiff more than she was legally obligated to pay, in violation of the FDCPA.

## II.  STANDARD OF REVIEW

When reviewing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss, "the Court must take as true the allegations contained in the complaint." Bryant v. Bonded Account Service/Check Recovery, Inc., 208 F.R.D. 251, 254 (D. Minn. 2000). The allegations must also "be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). In this case, Defendants admit that they attempted to collect funds from Plaintiff that the Court did not award in its judgment. The only question is whether Defendants were entitled to do so under Missouri law.

## III.  ARGUMENT

**A.      Under Missouri Law, A Creditor Is Only Permitted to Collect Post-Judgment Interest If the Judgment Expressly Awards Such Interest.**

Defendants' sole argument for the partial dismissal of Plaintiff's FDCPA claim arising out of their collection of unawarded of action is premised on the mistaken distinction between post-judgment interest in tort versus nontort actions – both of which are covered by the same statute. According to Defendants, post-judgment interest in tort actions (Section 408.040.2) must

be expressly awarded within the judgment but interest in nontort actions (Section 408.040.3) somehow automatically attaches.   Defendants' argument is misplaced and unsupported. Defendants have not, and cannot, cite to any Missouri case law that has ever adopted Defendants' illusory distinction.   If Defendants wanted to assess ever-accruing interest on the judgment, they were required to obtain an award of post-judgment interest.  Defendants failed to do so.  Plaintiff has therefore properly pleaded the requisite elements of her FDCPA claim.

> **A.** ***The Missouri Supreme Court in <u>McGuire v. Kenoma</u> Held that Post-Judgment Interest Under Section 408.040 Must Be Awarded Within the Judgment.***

The Missouri Supreme Court in <u>McGuire v. Kenoma</u> recently held that the award of post-judgment interest under Section 408.040 (as a whole and without limitation to any subsection) is such a substantive change that it must be explicitly awarded within the judgment.  447 S.W.3d 659 (Mo. banc 2014).  The Court directly addressed – and dismissed – Defendants' notion that post-judgment interest is "automatically" recoverable under Section 408.040 even if the Court does not award post-judgment interest within the judgment.  <u>Id.</u> at 665 (dismissing the creditor's argument that that "the omission of post-judgment statutory interest is a clerical error that does not change the substance of the judgment because the **interest is automatic** insofar it does not require any party to make a request.") (emphasis added).  In <u>McGuire</u>, the circuit court allowed plaintiffs to amend their judgment by nunc pro tunc to include post-judgment interest over one year after the circuit court entered its original judgment.  <u>Id.</u> at 661-62.  Defendants appealed the circuit court's decision on the basis that "the award of statutory post-judgment interest was not requested or actually awarded until after the judgment became final."  <u>Id.</u> at 661.  On appeal, plaintiffs argued that "the omission of post-judgment statutory interest is a clerical error that does not change the substance of the judgment because the interest is automatic insofar it does not require any party to make a request."  <u>Id.</u> at 665.  The Supreme Court disagreed with plaintiffs'

interpretation that post-judgment interest is "automatic" under Section 408.040.  Id. at 667.
Instead, the Court held that post-judgment interest is a substantive change to the judgment, which
must be awarded within the original judgment or "correctable by either a motion pursuant to
Rule 75.01 or Rule 78.07, but not by nunc pro tunc."  Id.

Following McGuire, the Western District Missouri Court of Appeals revisited the issue of
post-judgment interest under Section 408.040 in Peterson v. Discover Prop. & Cas. Ins. Co., 460
S.W.3d 393 (Mo. Ct. App. 2015).  There, plaintiffs brought a personal injury and wrongful death
suit against the Missouri Highway and Transportation Commission ("MHTC") arising out of a
dangerous road condition.  Id. at 397.  The parties entered into consent judgment in 2011.  Id. at
399.  When MHTC's insurer refused to pay the judgment, the plaintiffs initiated an equitable
garnishment action.  Id. at 400.  After the circuit court granted summary judgment in favor of the
plaintiffs on the issue of insurance coverage, plaintiffs moved to amend the 2011 consent
judgment to award post-judgment interest that had accrued in the interim.  Id. at 401.  The circuit
court granted the motion and allowed plaintiffs to recover post-judgment statutory interest that
was not provided for in the original judgment.  Id.  On appeal, the insurer argued that the circuit
court erred in awarding post-judgment interest because such an award was contrary to Rule
75.01 in that the amendment was untimely and substantively changed the consent judgment
entered two years earlier.  Id. at 413.  The Court of Appeals agreed and held that "even though
mandated by statute, the award of post-judgment interest must be included in the original
judgment to which it applies or in a timely amendment to that judgment."  Id.

Even more recently, the Missouri Eastern District Court of Appeals joined the Western
District in holding that post-judgment interest must be expressly awarded in the judgment to be
collectible.  SKMDV Holdings, Inc. v. Green Jacobson, P.C., No. ED 102493, 2016 WL

4

1469995 (Mo. App. E.D. Apr. 12, 2016).  The trial court in Green Jacobson entered judgment for the plaintiff in accordance after the jury's verdict.  Id. at *1.  The judgment did not include an award of post-judgment interest.  Id. at *15.  Over a month later, the trial court amended its previous judgment and awarded interest "pursuant to Section 408.040."  Id.  The Court of Appeals overturned that amendment.  In discussing Section 408.040, without limitation to any subsection, the Court held that "[e]ven though mandated by statute, the award of post-judgment interest must be included in the original judgment to which it applies or in a timely amendment to that motion." Id. at *16 citing Peterson, 460 S.W.3d at 413 and McGuire, 447 S.W.3d at 666-67.  Because the judgment-creditor in Green Jacobson failed to ensure that post-judgment interest was awarded on the face of the judgment, and further failed to include a specific request for post-judgment interest via a timely-filed post-judgment motion, the Court reasoned that the creditor could not collect post-judgment interest, even though such interest is "mandated" by statute.  Id.

The Supreme Court of Connecticut has likewise held, under very similar facts to those in this case, that a debt collector violates the FDCPA by attempting to collect statutory post-judgment interest on a judgment that does not actually award such interest on its face.  Ballou v. Law Offices Howard Lee Schiff, P.C., 39 A.3d 1075, 1077 (Conn. 2012).  In Ballou, the Supreme Court of Connecticut determined that "postjudgment interest is not automatic but, rather, is awarded in the discretion of the court upon application of the party seeking such interest."  Id.  The Court noted that the legislature could have provided for an automatic award of interest but, as with Missouri's post-judgment interest statute, did not use such language.  Id. at 1080.

The <u>McGuire</u>, <u>Peterson</u>, and <u>Green Jacobson</u> courts applied the settled principle that a mandatory entitlement must nonetheless be awarded within the judgment in order for it to be recoverable.  This is not a new development.  Missouri courts have long held that the proper time to seek "mandatory" interest is either within the judgment itself or by motion *before* the judgment becomes final and appealable.

> Under the procedure in Missouri the only method that could be followed in allowing interest for delayed payment of the award, as a part of the just compensation due respondents, would be to allow the court, upon motion of respondents and within the time the court is empowered to act, to amend the judgment by adding to the amount of the award of the jury such interest or to amend the verdict of the jury so as to allow interest on the amount so found at the legal rate. This was not done by respondents and it is the judgment of this court that, **while respondents were legally entitled to interest** as prayed for in their motion and as awarded by the trial court, **they waived that right by not presenting it to the trial court in proper time**.

<u>State ex rel. State Highway Comm'n v. Galloway</u>, 292 S.W.2d 904, 912 (Mo. Ct. App. 1956) <u>aff'd,</u> 300 S.W.2d 480 (Mo. 1957) (emphasis added).

In this case, Defendants were likewise prohibited from assessing post-judgment interest that the Court did not award within its judgment.  Defendant Main Street personally prepared, drafted, and submitted the default judgment that the Court ultimately entered.  Main Street did not request post-judgment interest, and the Court did not award any statutory post-judgment interest.  Thereafter, Main Street still possessed an additional thirty days to seek an amendment of the judgment to include an award of post-judgment interest.  Main Street failed to do so.  Main Street had yet another opportunity by appealing the circuit court's lack of award of post-judgment interest.  Once again, Main Street failed to do so.  Lastly, even after Main Street neglected to seek interest, Defendants were not left without any options; they could have simply limited their collection efforts to the amount the Court actually awarded within the judgment.

6

Instead, Defendants disregarded the Court's judgment and unilaterally assessed interest that the Court did not award.

The tenor of Defendants' Motion to Dismiss is that Main Street believes it was *authorized* to obtain post-judgment interest under the statute.  However, if Main Street thought it was entitled to interest, or believed the circuit court erred in failing to award interest, it had ample opportunity to raise that issue *before* the judgment became final.  As the Missouri Supreme Court held in <u>McGuire</u>, even the trial court itself does not have authority to add post-judgment interest via an untimely amendment to a judgment that does not include such an award. A debt collector, then, has even less authority to do so.  Defendants in this case took it upon themselves to do what even the judge had no power to do – add post-judgment interest that had not been awarded in the judgment without filing the proper motions to amend the judgment. By nonetheless attempting to collect funds that the court did not award, Defendant violated of Sections 1692e-f of the FDCPA.

> **B.     *Defendants' Attempted Distinction Between Tort and Nontort Actions is Unsupported and Directly Inconsistent with the Missouri Supreme Court's Ruling.***

In the face of the Missouri Supreme Court's unambiguous mandate that creditors cannot collect post-judgment interest that is not awarded on the face of the judgment, Defendants attempt to raise a flawed distinction.  Within their Motion to Dismiss, Defendants argue that the court must award post-judgment interest on judgments in tort actions but that interest automatically attaches in nontort actions without any award by the court.  For support, Defendants point out that the post-judgment interest statute contains an added requirement under tort actions that the judgment must specify the rate of post-judgment interest.  Defendants reason that the absence of this provision in the nontort subsection somehow provides inferential support

that post-judgment interest is automatically awarded within every nontort judgment.  As outlined

below, Defendants' argument is contrary to the plain language of the statute and inconsistent

with the Missouri Supreme Court's straightforward interpretation of Section 408.040.

> **i.     The Plain Language of Section 408.040 Does Not Provide for the Automatic Award of Post-Judgment Interest.**

While the post-judgment interest statute *authorizes* the recovery of post-judgment

interest, it does not provide for the *automatic* award of such interest anywhere in the statute –

whether it is a tort or nontort action.  "[B]ecause post-judgment interest is created by statute (and

not the Constitution or the common law, which the Constitution preserves), it may also be

restricted by statute."  Mackey, 438 S.W.3d at 482.  It is a statutory tool that a creditor *may* use

to ensure prompt payment.  Benoit v. Missouri Highway & Transp. Comm'n, 33 S.W.3d 663,

674 (Mo. Ct. App. 2000).  Since interest on judgments is a creature of statute, not found at

common law, the statute must be strictly construed against the automatic award of the statutory

remedy.  Mackey v. Smith, 438 S.W.3d 465, 482 (Mo. App. W.D. 2012.  The plain language of

the statute – particularly when strictly construed as required – belies Defendants' interpretation

that interest "automatically" attaches in nontort actions.  Section 408.040.2 states, in relevant

part:

> [FIRST CLAUSE] In all nontort actions, interest shall be **<u>allowed</u>** on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; [SECOND CLAUSE] all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

The first clause of the statute provides that interest "shall be allowed" on a judgment.

The phrase "shall be allowed" dictates that the Court has a mandatory duty to grant a request

only if made.  "The word 'allow' is not a technical term. . . .  The word is not equivalent to the

word 'must' and is in no sense a command." <u>Giffin v. Petree</u>, 226 Mo. App. 718, 46 S.W.2d 609, 618 (1932).   "'Allow' is equivalent to saying that it might have been [requested] by plaintiffs but was not." <u>Monteer v. Prospectors Lounge, Inc.</u>, 821 S.W.2d 898, 900-01 (Mo. Ct. App. 1992).   "It is equivalent in meaning to 'acquiesce' and always implies knowledge or consent." <u>Id.</u>

This is not the only instance the Missouri legislature chose to utilize the words "shall be allowed" in the context of a mandatory action contingent upon a prerequisite.  <u>See</u> Mo Rev. Stat. § 491.060 ("[A] child under the age of ten…shall be allowed to testify without qualification."); Mo Rev. Stat. § 211.261 ("An appeal shall be allowed to the child from any final judgment, order or decree."); Mo Rev. Stat. § 535.110 ("[A]pplications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512 RSMo."); Missouri Rule of Civil Procedure 67.02(2) ("A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only.").  It should be readily apparent that a child is not "automatically" called as a witness, nor is a case "automatically" dismissed or appealed, by operation of law.  In none of these instances does the relief or action automatically ensue; rather, a party must first make the appropriate request.

Once post-judgment is awarded, the second clause of Section 408.040(2) provides that the *rate* of interest *shall* be "nine percent interest per annum" or the interest rate as provided by contract.  The word "shall" – without the following words "be allowed" – does in fact connote an automatic action. <u>Bauer v. Transitional School District</u>, 111 S.W.3d 405, 408 (Mo. 2003).  But, this clause is only reached *if* the request for post-judgment interest is made by a plaintiff and such request is granted by the court.  The clause begins by reference to "all such judgments;" that

9

is, judgments that have "been allowed" to accrue post-judgment interest, pursuant to the preceding clause.  Based on the text of the statute, only those judgments are the ones that "shall" accrue the specified rate of interest.

In contrast to some other states, there is no provision within Missouri's post-judgment interest statute that automatically assesses interest even without an express award.  For example, Georgia's statute on post-judgment interest explicitly provides for the automatic accrual of post-judgment interest even absent an award within the judgment.   Ga. Code § 7-4-12 ("The postjudgment interest provided for in this Code section shall apply *automatically* to all judgments in this state and the interest shall be collectable as a part of each judgment whether or not the judgment specifically reflects the entitlement to postjudgment interest") (emphasis added).  This section of the Georgia Code, in effect since 2003, is only one example the General Assembly could have used legislatively engraft interest automatically onto judgments in the State of Missouri.  Despite amending the post-judgment interest statute twice since 2003, the Missouri legislature has chosen not to include such a clause.

Also, the statutory language awarding pre-judgment interest in contract cases tracks the statutory language for post-judgment interest in all material respects.  Specifically, it provides that judgment creditors in contract cases "shall be allowed" to receive pre-judgment interest after a demand for payment.  Mo. Rev. Stat. § 408.020.  In the context of prejudgment interest, Missouri courts have consistently held that a creditor is not "automatically" entitled to prejudgment interest on a judgment.  Rather, the creditor must first make a demand on a debtor and then request the proper relief from the court to be eligible for such an award.  Bailey v. Hawthorn Bank, 382. S.W.3d 84, 106 (Mo.Ct.App. W.D. 2012); Walton Construction Co. v. MGM Masonry, Inc., 199 S.W.3d 799, 808 (Mo. Ct. App. W.D. 2006); A.G Edwards & Sons,

Inc. v. Drew, 978 S.W 2d 386, 397 (Mo. Ct. App. E.D. 1998); Folk v. Countryside Cas. Co., 686 S.W.2d 882, 885 (Mo. App. E.D. 1985).

The pre-judgment interest statute must be read *in pari materia* with Section 408.040 so as to harmonize the whole. PDQ Tower Servs., Inc. v. Adams, 213 S.W.3d 697, 698 (Mo.App. W.D. 2007). The legislature used the words "shall be allowed" for prejudgment interest in nontort actions, for post-judgment interest in tort actions, and post-judgment interest in nontort actions. The Missouri Supreme Court and Courts of Appeals have already held that the words "shall be allowed" do not provide for the automatic recovery of prejudgment interest in nontort actions and post-judgment interest in tort actions. See McGuire, 447 S.W.3d at 665 (denying defendants' argument that "interest is automatic insofar it does not require any party to make a request."); American Family Mut. Ins. Co. v. Hart, 41 S.W.3d 504 (Mo.App.W.D. 2000) (denying creditors argument that "they were automatically entitled to prejudgment interest under § 408.040."). Defendants now want a special carve-out for nontort post-judgment interest – without providing any justification for this special reading – which is otherwise in direct conflict with the language of the statute and existing case law.

As outlined, *supra*, even in instances where parties have a mandatory entitlement and/or constitutional right to a remedy, the Court must nonetheless award it in the judgment. The same is true with post-judgment interest under Section 408.040. While parties are *allowed* to recover interest, there is nothing that would excuse a party from ensuring that interest is in fact awarded within the judgment.

11

      **ii.**    **Section 408.040's Requirement for Specifying the Rate of Interest in Tort Actions Does Not Mean Post-Judgment Interest Automatically Attaches in Nontort Actions.**

The fact that the statute requires an exact rate of interest in tort actions is not meant to implicitly grant an automatic award of post-judgment in nontort actions.  Rather, the purpose of specifying the rate of interest in tort actions ensures that the constantly-changing federal interest rate is made part of the record. In tort actions, interest is calculated by taking the Federal Funds Rate on the given day of the judgment and adding five percent.  Therefore, post-judgment interest in tort actions is invariably a fluid rate that changes depending on the day that judgment is entered.  That is not a concern in nontort actions where post-judgment interest is assessed at (1) the statutorily fixed-rate of nine percent; or (2) in the case of actions upon written instruments, the interest rate specified within the contract.  Accordingly, with nontort actions, the interest rate is always static and already part of the record at the time of judgment.  <u>See</u> Mo. Rev. Stat. § 408.040.2; Mo. Rev. Stat. § 517.031 (instructing that parties should attach a copy of the written instrument upon which they are suing at the time of filing).

The added statutory requirement of specifying the applicable rate of interest in tort actions does not provide an automatic award of post-judgment interest in nontort actions.  It simply means that parties must ensure post-judgment interest is awarded on all judgments (tort and nontort) <u>*and*</u> specify the applicable rate of interest as of the date of the judgment for tort actions.  The Missouri Supreme Court in <u>McGuire</u> made this point explicitly: "The judgment did not award post-judgment interest ***OR*** state an applicable interest rate as prescribed in section 408.040."  <u>McGuire</u>, 447 S.W.3d at 661 (emphasis added).  If, as Defendants posit, tort actions are treated differently because the statute requires the exact interest rate to be specified, there would have been no need for the Court to make the additional point that "the judgment did not

12

award post-judgment interest…as prescribed in section 408.040." The Court would have simply stated that the judgment did not "state the applicable rate of interest" and left it at that. Of course, the Court did not make such a narrow holding because post-judgment interest needs to be awarded within the judgment for all actions if the creditor wants to assess it. As the Court of Missouri Appeals instructed in Peterson, the mere failure to specify the rate of interest is not the only error. Rather, it is the failure to obtain the award as a whole that prevents its recovery:

> After *McGuire,* however, it is evident that an interest **award** pursuant to Section 408.040 [without limitation to any subsection] must be made in the original judgment, pursuant to a timely amendment following a Rule 78.07 motion, pursuant to Rule 75.01, or even pursuant to a *nunc pro tunc* where there is evidence in the record that the trial court intended to include an interest rate or order payment of interest at the time the judgment was entered.

Peterson, 460 S.W.3d at 413 (emphasis added).

Here, Defendants did not obtain an award of interest in the original judgment, file a timely motion to amend the judgment, or show that Judge Hoven intended to award interest at the time judgment was entered. Under Missouri law, Defendants were thus prohibited from unilaterally assessing interest within their collection letter.

### iii.     Defendants' Only Cited Case Law Does Not Support Their Attempted Distinction Between Tort and Nontort Actions.

Defendants were required to obtain an express award of post-judgment interest before extra-judicially tacking interest onto its judgment amount. Their undisputed failure to do so constitutes a violation of the FDCPA. The sole decision to which Defendants cite within their entire Motion to Dismiss, Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467 (1945), does not change this fact. Defendants argue that Laughlin stands for the proposition that creditors may unilaterally assess interest on a judgment even though interest was no awarded. Contrary to Defendant's misstatement of the case, the issue in Laughlin was not whether the

circuit court did or did not award post-judgment interest.  <u>Laughlin</u>, 354 Mo. at 477.  In fact, the defendant in <u>Laughlin</u> agreed that post-judgment interest was awarded in the underlying judgment.  <u>Id.</u>  The issue concerned *when* post-judgment interest began to accrue.  <u>Id.</u>  There were three counts at issue in <u>Laughlin</u>, and the circuit court entered judgment on two counts before the last count was retried after an appeal.  <u>Id.</u>  The defendant claimed that post-judgment interest should not begin to accrue on the judgment until all counts were final. <u>Id.</u> ("[T]hose two counts [should] bear interest from the date of the final judgment on all counts only and not from the date of the original verdicts which were subsequently affirmed.").  For support, the defendant noted that the Supreme Court's mandate remanding the case was silent as to whether post-judgment interest had already accrued during the pendency of the appeal.  <u>Id.</u> ("[T]he mandate and opinion remanding the case [was] silent as to interest").  The Court disagreed and found that the Court's mandate remanding the case for retrial on count one did not need to reference interest or state that the judgment was final as to counts two and three.  <u>Id.</u> at 477-78.

The Court held that plaintiff could recover post-judgment interest on counts two and three dating back to the earlier judgment.  <u>Id.</u> at 478.  The Court's holding, therefore, had nothing to do with Defendants' desired import regarding the purported automatic award of post-judgment interest in nontort actions under Section 408.040.[1]  Although Defendants construe <u>Laughlin</u> as absolving them of any obligation to obtain an award of post-judgment interest, Defendants' own decision instead reiterates that a judgment bears interest by reason of the statute *if* the creditor

---

[1] Defendant relies solely upon the out-of-context snippet in <u>Laughlin</u> referencing that judgments (under a former version of the post-judgment interest rule) need not recite the recovery of interest.  At most, such an errant comment is dicta, since the case had nothing to do with whether the underlying judgment awarded interest; the only question was *when* interest began to accrue.  On its facts, the <u>Laughlin</u> Court only addressed whether interest was mentioned in the Supreme Court's mandate remanding the case.  Insofar as <u>Laughlin</u> previously possessed any utility to Defendant's argument (which Plaintiff denies), what Defendants fail to state is that <u>Laughin</u> was cited by the lower Court of Appeals in <u>McGuire v. Kenoma, LLC</u>, No. WD75873, 2013 WL 5614181, at *2 (Mo. Ct. App. Oct. 15, 2013), <u>transferred to Mo. S.Ct.,</u> 447 S.W.3d 659 (Mo. 2014).  Not only did the Supreme Court choose not to adopt <u>Laughlin</u>, it overturned the lower court's decision that previously cited to <u>Laughlin</u>.

ensures that interest is in fact awarded.  Once this Court properly disregards the only inapplicable decision to which Defendants cite, the fact remains that "even though mandated by statute, the award of post-judgment interest must be included in the original judgment to which it applies or in a timely amendment to that judgment."   Peterson, 460 S.W.3d at 413.   By nonetheless choosing to collect funds from Plaintiff that the Court did not award within the original judgment, Defendants violated the FDCPA.[2]

## IV.  CONCLUSION

Defendants were only permitted to collect the amount that Judge Hoven awarded on the face of the judgment, which did *not* include post-judgment interest.  Defendants nevertheless sought post-judgment interest within their post-judgment collection communications in order to artificially inflate the amount actually due.  As fully outlined above, since Defendants were not permitted to collect post-judgment interest from Plaintiff that she did not owe, each of the violations Plaintiff alleges under the FDCPA are cognizable claims and are otherwise supported by sufficient facts to survive dismissal at this early stage.

---

[2] Plaintiff notes that St. Louis County Circuit Court Judge Robert Cohen granted a motion to dismiss in the consolidated matters of Thomas Dennis v. Mercy Hospital Jefferson, et al., Case No. 15SL-CC03338 and Sonya Cherry v. Mercy Hospital Jefferson, et al., Case No. 15SL-CC03405, which were filed by the undersigned counsel on behalf of Mr. Dennis and Ms. Cherry. Judge Cohen did not state the basis for the dismissal or issue a written decision.  Judge Cohen verbally commented that he was leaving it to the Court of Appeals to determine whether post-judgment interest can be assessed and collected even when such is not provided for on the face of a judgment. The plaintiffs immediately filed a Notice of Appeal, and the matter is currently pending before the Missouri Court of Appeals for the Eastern District, Case No. ED103904.

RESPECTFULLY SUBMITTED:

/s/ Bryan E. Brody

_____

BRYAN E. BRODY, #57580MO
Brody & Cornwell
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:     (314) 667-3161
Bryan.E.Brody@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attests that, on June 2, 2016, the foregoing document was served by operation of the Court's electronic filing system on the following counsel of record:

Joshua C. Dickinson
Patrick T. McLaughlin
12925 West Dodge Road, Suite 107
Omaha, Nebraska 68154
jdickinson@spencerfane.com
pmclaughlin@spencerfane.com
*Attorneys for Defendant*

/s/ Bryan E. Brody

_____

16