IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CAROLYN LAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-00454-AGF |
| ) | |
| FRONTLINE ASSET STRATEGIES, ) | |
| LLC, and MAIN STREET ACQUISITION ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

**I.   INTRODUCTION**

Plaintiff, in her Opposition (Doc. 21), attempts to twist the language of Missouri Revised Statute § 408.040 to state something that it does not.  Contrary to Plaintiff's hope, Section 408.040.2 simply does *not* require interest to be stated in the judgment in *nontort* actions in order for it to be recoverable.  Considering Section 408.040 as a whole, which is a cardinal rule of statutory construction, makes this conclusion abundantly evident.  Thus, Defendants ask the Court to find that Plaintiff's legal theory—i.e., post-judgment interest in nontort actions must be expressly awarded in the judgment to be recoverable—is contrary to law and to dismiss that portion of Plaintiff's Complaint.

**II.   ARGUMENT**

Plaintiff, remarkably, states that Defendants' position regarding the distinction between interest recovery in nontort and tort actions is "premised off a mistaken distinction between post-judgment interest in tort versus nontort actions."  (Doc. 21 at 2.)  The plain language of the statute reveals that the distinction is manifest and is not "illusory," as Plaintiff claims.

1

Plaintiff also cites to numerous cases that she asserts support the conclusion that post-judgment interest under Section 408.040.2 must be stated in the judgment to be recoverable. Those cases are taken woefully out of context and do not stand for the propositions Plaintiff proffers.

### A.  Under The Plain Language of Section 408.040.2, Interest Need Not Be Stated In the Judgment to Be Recoverable

"Post-judgment interest is awarded on the theory that it is a penalty for delayed payment of the judgment." Lindquist v. Mid-Am. Orthopedic Surgery, Inc., 325 S.W.3d 461, 465 (Mo. Ct. App. 2010). Here, payment is undisputedly delayed. Defendant Main Street Acquisition Corp. obtained a default judgment against Plaintiff on February 7, 2011. (Doc. 4 ¶ 14.) The debt had not been satisfied as of August 3, 2015 and, thus, Defendant Frontline Asset Strategies, LLC sent Plaintiff a letter on that date seeking an amount that Plaintiff alleges included interest. (Doc. 4 ¶¶ 29-32.) However, Plaintiff alleges that the Defendants were not entitled to statutory interest because the amount was not included in the judgment. (Id. ¶¶ 30, 12-32.) Plaintiff repeatedly fails to recognize the distinction between interest on judgments in tort and judgments in nontort actions.

Plaintiff asserts that the distinction is illusory, but it is far from illusory and instead is *specifically* denoted in Mo. Rev. Stat. § 408.040. Section 408.040[1] provides as follows:

---

[1] In her Opposition, Plaintiff cites to the version of Section 408.040 that was effective on January 15, 2015 (see Doc. 21 at 8) and, thus, that is the version that Defendants will cite to as well.

Notably, it was not until 2005 that Section 408.040 required that the judgment be stated as to nontort actions. Section 408.040 was amended in 2005 as part of Missouri's tort reform legislation. "The amended version differentiates between postjudgment interest in tort and nontort actions." II Mo. Damages § 20.89 (MoBar 3rd ed. 2012) (2012). However, as to nontorts, the language largely remains the same as pre-tort reform, as a comparison of the 2015 and 2004 version reveals. The 2004 version is quoted below, with the omissions or additions as contained in the 2015 version indicated by underline (for additions) and strikeouts (for omissions). In pertinent part, the additions and omissions to the 2004 version stated:

> In all tort actions, Iinterest shall be allowed on all money due upon any judgment or order of any court from the day date judgment is entered by the trial court of rendering the same until

    1.    Judgments **shall** accrue interest on the judgment balance as set forth in this section.  The 'judgment balance' is defined as the total amount of the judgment awarded on the day the judgment is entered, including, but not limited to, principal, prejudgment interest, and all costs an fees.  Post-judgment payments or credits shall be applied first to post-judgment costs, then to post-judgment interest, and then to the judgment balance.

    2.    In all *nontort* actions, interest **shall** be allowed on all money due upon **any** judgment or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

    3.    Notwithstanding the provisions of subsection 2 of this section, in *tort actions*, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until full satisfaction.  All such judgments and orders for money shall bear a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus five percent, until full satisfaction is made.  **The judgment shall state the applicable interest rate, which shall not vary once entered**. . . .

Mo. Rev. Stat § 408.040 (emphasis added).  Per the plain language of Section 408.040.2, unlike Section 408.040.3, there is *no* requirement that interest be stated in the judgment.  Also, contrary to Plaintiff's supposition, there is no requirement that "a party must first make the appropriate request" to be entitled to interest under Section 408.040.2.  Her reasoning is flawed and is contrary to the plain language of the statute.

Plaintiff espouses an elaborate deconstruct of Section 408.040.2 to support her argument that while Section 408.040.2 *authorizes* recovery of post-judgment interest, it does not *provide* for an automatic award.  Plaintiff's argument reads language into the statute that simply does not exist, and engages in a pedantic focus on the phrase "shall be allowed."  Plaintiff proffers that the

---

    satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contract bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

Mo. Rev. Stat. § 408.040 (2004).

"shall be allowed" language contained in Section 408.040.2 "dictates that the Court has a mandatory duty to grant a request only if made." (Doc. 21 at 8.) Clearly, the plain language of section 408.040.2 mentions *nothing* about a request for interest being a prerequisite for obtaining interest, and also the plain language of Section 408.040.2 does not require that such interest be included in the judgment to be recoverable. Plaintiff's unsupported speculation about what the phrase "shall be allowed" (Doc. 21 at 8), is just that—speculation.

Plaintiff goes on to cite numerous cases and other Missouri and non-Missouri statutes in support of her construction of Section 408.040.2 (i.e., while Section 408.040.2 authorizes recovery of post-judgment interest, it does not provide for an automatic award of such interest in both tort and nontort actions). (Doc. 21 at 8-9.) The cases and statutes do not aid her.

1. **Plaintiff's Interpretation of The Phrase "Shall Be Allowed" Is Erroneous**

Plaintiff asserts that "shall be allowed" in Section 408.040.2 means that courts have a mandatory duty to grant a request for interest only if made. (Id. at 8.) The cases cited are astoundingly off-point with the facts of this case. If anything, the cases support Defendants' position.

First, Plaintiff cites to the concurrence of a 1935 case where the court discussed the word "allow" in conjunction with a jury instruction that stated, "and if you further find and believe from the evidence that . . . then **you may allow** to the plaintiff in addition to her actual damages, if any, such sum as exemplary or punitive damages." Giffin v. Petree, 226 Mo. App. 718, 723-24 (1932) (emphasis added). The concurrence stated that, "I do not concur in what Judge TRIMBLE says in reference to the instruction on exemplary damages. The word 'allow' is not a technical term and the jury was as well qualified to pass upon the meaning as are we. The word

OM 396965.1

is not equivalent to the word 'must' and is in no sense a command." Id. at 734 (concurrence). Thus, Griffin simply does not support Plaintiff's interpretation of Section 408.040.2.

Plaintiff also cites to Monteer v. Prospectors Lounge, Inc., 821 S.W.2d 898, 900 (Mo. Ct. App. 1992) to support her argument that the "shall be allowed" language in Section 408.040.2 means that post-judgment interest must be requested. (Doc. 21 at 9.)  In that case, the plaintiff argued that a bartender violated an ordinance that provided, "[n]o retail licensee, employee, agent or servant of such licensee shall allow in or upon the licensed premises any . . . disturbances, disorderliness, lewdness, immoral activities, brawls," by failing to call police. The court found that the ordinance did not require the licensee to call the police, but rather it required that the licensee not "allow" a disturbance, disorderliness or brawls." Monteer, 821 S.W.2d at 900.  The court further held that the word "allow" is equivalent to "saying that it might have been prevented by plaintiffs but was not." Id.  The court stated that the word "allow" "is equivalent in meaning to 'acquiesce' and always implies knowledge or consent." (Doc. 21 at 9.)

Contrary to Plaintiff's statement, Monteer does not support Plaintiff's assertion that the word "allowed" in Section 408.040.2 means that Defendants must make a request. Monteer actually supports the Defendants' position that Section 408.040.2 does not require a request for interest, and also does not require interest to be included in the judgment. Instead, that case suggests that the legislature has acquiesced to permitting a party to recover interest in tort and nontort cases, but has provided certain terms and conditions as to tort actions.

Plaintiff also cites to several other Missouri statutes that include the phrase "shall be allowed" and makes the unsupported assertion that the phrase necessitates a request. (Doc. 21 at 9.)  Plaintiff's citation of these other statutes is not informative of Section 408.040 and Plaintiff's reading and interpretation of these statutes is strained.

5

OM 396965.1

## 2. Plaintiff's Interpretation of the Word "Shall" Is Erroneous

Plaintiff engages in unwieldy analysis of the word "shall" to support her strained interpretation of Section 408.040.2. First, she cites to <u>Bauer v. Transitional Sch. Dist. of St. Louis</u>, 111 S.W.3d 405, 407 (Mo. 2003), which is a case involving a statutorily imposed deadline to certify a Student's Bill of Rights. Plaintiff asserts that <u>Bauer</u> stands for the proposition that the word "shall" without the words "be allowed" connotes an automatic action. (Doc. 21 at 9.) However, the court in <u>Bauer</u> did not discuss the phrase "shall be allowed" and, instead, the issue was whether the word "shall" in the statute at issue in that case connoted a mandatory or directory duty. Thus, the case simply does not support the position Plaintiff proffers. <u>Bauer</u>, 111 S.W.3d at 408.

Plaintiff then traverses to a Georgia state statute to support her conclusion that Missouri's Section 408.040.2 does not automatically assess interest. (Doc. 21 at 10.) Plaintiff argues that because Georgia's legislature knew how to draft a statute to engraft interest automatically, so too does Missouri. Plaintiff argues that because Missouri's statute is not like Georgia's, Missouri's legislature must have chosen not to allow interest to attach automatically. Plaintiff's argument borders on frivolous.

Plaintiff next turns to Missouri's pre-judgment interest statute, Mo. Rev. Stat. § 408.020, stating that it must be read <u>in</u> <u>pari</u> <u>materia</u> with Section 408.040. (Doc. 21 at 10-11.) Again, that argument does not aid Plaintiff. Section 408.020 states that creditors "shall be allowed to receive interest . . . for all moneys after they become due and payable, on written contracts . . . after they become due and demand of payment is made." Mo. Rev. Stat. § 408.020; <u>Bailey v. Hawthorn Bank</u>, 382 S.W.3d 84, 106 (Mo. Ct. App. 2012). Because a demand must be made under Section 408.020, Plaintiff argues that, reading Section 408.040.2 <u>in</u> <u>pari</u> <u>materia</u> with it, a demand must

also be made under Section 408.040.2.  However, Section 408.020 actually *supports* the conclusion that a demand for payment under Section 408.040.2 need not be made.

By conditioning an entitlement to interest on a prior demand for payment in Section 408.020 ("Creditors shall be allowed to receive interest . . . after . . . a demand for payment is made"), but omitting that language from Section 408.040.2 for entitlement to post-judgment interest, the maxim expressio unius est exclusio alterius (the expression or inclusion of one thing implies the exclusion of the other or of the alternative) supports the conclusion that a demand is *not* required in Section 408.040.2.  State v. Carson, 317 S.W.3d 136, 141-42 (Mo. Ct. App. 2010) (noting also that the "the maxim's force is strengthened where a thing is provided in one part of the statute and omitted in another . . . .").  Likewise, by providing in Section 408.040.3 that the "judgment shall state the applicable interest rate" but excluding such language from Section 408.040.2, under the maxim of expressio unius est exclusio alterius, the legislature must have intentionally omitted the requirement of a demand for payment and the requirement of the judgment stating the interest rate.  See DiSalvo Props., LLC v. Bluff View Commer., LLC, 464 S.W.3d 243, 249 (Mo. Ct. App. 2015) (recognizing that if a phrase or term is included in one section of a statute but the same language is omitted from another, courts presume that the disparate language was enacted purposefully).

Plaintiff also attempts to rationalize the distinction in Section 408.040.3 (requiring that the judgment state the rate of interest) and 408.040.2.  (Doc. 21 at 12.)  Plaintiff suggests that the requirement of specifying the interest rate in tort judgments is that the rate is fluid.  Be that as it may, Plaintiff provides no authority to support her position and it is does not change the plain language of Section 408.040.2 which does not require interest to be included in the judgment.

In sum, the plain language of Section 408.040.2 does not require that a request for interest be made and does not require that the judgment contain an award of post-judgment interest in order for it to be recoverable. Thus, Defendants do not ask for a "carve-out," as Plaintiff has alleged (Doc. 21 at 11), but simply ask that the Court reject Plaintiff's construction of Section 408.040.2 as contrary to the plain language of the statute.

> B. **Missouri Law Does Not Dictate That A Creditor Is Only Permitted to Collect Post-Judgment Interest In Nontort Actions If The Judgment Expressly Awards Such Interest**

Plaintiff also asserts that Defendants' construction of Section 408.040.2 fails because it is contrary to Missouri law, including the Missouri Supreme Court's decision in McGuire v. Kenoma, LLC, 447 S.W.3d 659 (Mo. banc 2014). (See Doc. 21 at 3-7.) Plaintiff cites to a host of cases to support her tortured reading of Section 408.040.2, but those cases also do not support her reading of Section 408.040.2. *None* of the cases that Plaintiff cites have held that post-judgment interest in nontort actions must be stated in the judgment.

First, she cites to McGuire v. Kenoma, LLC, 447 S.W.3d 659 (Mo. banc 2014), but, as Defendants elucidated, that case was a ***tort action***. Likewise, the interest issue in Peterson v. Discover Property & Casualty Ins. Co., 460 S.W. 3d 393 (Mo. Ct. App. 2015), was post-judgment interest on damages in *tort*. She also cites to SKMDV Holdings, Inc. v. Green Jacobson, P.C., No. 102493, 2016 Mo. App. LEXIS 347, at *4 (Ct. App. Apr. 12, 2016), which is a malpractice case. Thus, like McGuire and Peterson, it is a tort case. Plaintiff's refusal to recognize the facts of those cases and attempt to ignore the intricacies of Section 408.040 by lumping all of the sections together is telling. (See Doc. 21 at 2-3.)

Next, Plaintiff cites to a Connecticut case that she asserts is similar to the case at bar. Ballou v. Law Offices Howard Lee Schiff, P.C., 304 Conn. 348, 350 n.2 (2012). The statute in that case is not similar at all to Section 408.040.2. The court in Ballou interpreted a statute,

Conn. Gen. Stat. § 52-356d, which read: "Interest on a money judgment shall continue to accrue under any installment payment order on such portion of the judgment as remains unpaid." Conn. Gen. Stat. § 52-356d(e). The court found that the word "continue" presupposes an existing award of interest and that, coupled with the lack of a specified interest rate and the state legislative scheme, revealed that interest was not automatic under *that* statute. Ballou, 304 Conn. at 355-60. Thus, Plaintiff's assertion that Ballou supports her position is amiss.

Plaintiff then cites to State ex rel. State Highway Com. v. Galloway, 292 S.W.2d 904, 912 (Mo. Ct. App. 1956), to support her conclusion that Section 408.040.2 did not provide for mandatory interest. Galloway was an action in condemnation and does not mention Section 408.040. Galloway is undoubtedly inapplicable. Plaintiff also relies upon the "tenor" of Defendants' Motion to Dismiss to support her suppositions about what she imagines Defendants believe about their ability to obtain post-judgment interest. (Doc. 21 at 7.) Defendants disagree with Plaintiff's speculation, and her grievance about what Defendants did or did not do is irrelevant and does not change the reality that "interpretation of a Missouri statute is a question of law." SKMDV Holdings, Inc., 2016 Mo. App. LEXIS 347, at *5.

Plaintiff attempts to rebut Defendants' authority, Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467 (1945), and insinuates that it is no longer good law because it was cited by the Missouri Court of Appeals in McGuire in an opinion that was overruled by the Missouri Supreme Court, McGuire, 447 S.W.3d 659. The Missouri Court of Appeals in McGuire *did* cite to Laughlin once, in support of the following statement:

> 'It is almost an axiom of American jurisprudence that he who has the use of another's money, or money he ought to pay, should pay interest on it.' Lindquist v. Mid-America Orthopedic Surgery, Inc., 325 S.W.3d 461, 465 (Mo. App. 2010) (quoting Laughlin v. Boatmen's Nat'l Bank, 354 Mo. 467, 189 S.W.2d 974 (Mo. 1945)).

McGuire v. Kenoma, LLC, No. WD75873, 2013 Mo. App. LEXIS 1202, at *6 (Ct. App. Oct. 15, 2013).  The Missouri Supreme Court did not cite to Laughlin.  See generally, McGuire, 447 S.W.3d 659.  This circumstance most certainly does not amount to the Supreme Court "overruling" Laughlin.  Courts presume that absent a contrary showing, "that an opinion of this Court has not been overruled sub silentio."  State v. Wade, 421 S.W.3d 429, 433 (Mo. 2013).  Here, of course, there is no such showing.

Plaintiff also asserts that Defendants rely on an out-of-context snippet from Laughlin, but that simply is not correct.  Laughlin v. Boatmen's Nat'l Bank, 354 Mo. 467, 477 (1945). Laughlin involved the issue of, inter alia, whether statutory interest post-judgment under Section 408.040's precursor[2] began to accrue upon entry of the judgment, despite that the judgment was silent as to post-judgment interest.  Laughlin, 354 Mo. at 477.  The defendant argued that interest should not be allowed from the date of the judgment because the order was silent as to interest on the amount due.  Id. at 470.  The Court found that interest, indeed, began running from the date of the judgment regardless of the fact that interest was not specifically awarded, because "[t]he judgment bears interest by reason of the statute and it is not necessary that it or the mandate recite the fact."  Id. at 477. In 2010, the court in Lindquist v. Mid-Am. Orthopedic Surgery, Inc., 325 S.W.3d 461, 464 (Mo. Ct. App. 2010) cited to Laughlin, and also held that "[t]he imposition of any interest from the date of judgment until payment is fixed and determined by statute."

Also, Plaintiff has wholly failed to address Defendants' citation to Missouri Practice Guide (Doc. 11 at 5), which specifically provides that interest need not be included in the judgment in nontort actions, stating:

---

[2] The statute in Laughlin read: "Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment."  Mo. Rev. Stat. § 3228.  189 S.W.2d at 980.

> By statute, judgments in Missouri accrue interest at a rate of 9% annually, where there is no agreement for a higher rate of interest; where the judgment is founded upon a contract providing for a higher rate, the higher rate applies.  <u>Interest begins to accrue under this statute from the day the judgment is rendered regardless of whether the judgment itself mentions a right to the interest</u>.

2 Mo. Prac., Methods of Prac.: Litigation Guide § 19:23 (4th ed.) (emphasis added).[3]

In sum, the plain language distinction between post-judgment interest in nontort and tort actions is not contrary to Missouri law.

### III. CONCLUSION

Defendants respectfully request that the Court determine that Plaintiff's legal theory is contrary to law, thereby narrowing the basis of Plaintiff's causes of action.

DATED this 13th day of June, 2016.

        Respectfully submitted,

        SPENCER FANE LLP

        By: /s/ Joshua C. Dickinson
            Joshua C. Dickinson, #51446MO
            Shilee T. Mullin, #52207MO
            12925 West Dodge Road, Suite 107
            Omaha, NE 68154
            (402) 965-8600  (telephone)
            (402) 965-8601  (facsimile)
            jdickinson@spencerfane.com
            smullin@spencerfane.com

            Patrick T. McLaughlin, #48633MO
            1 North Brentwood Blvd., Suite 1000
            St. Louis, MO  63105
            (314) 863-7733  (telephone)
            (314) 862-4656  (facsimile)
            pmclaughlin@spencerfane.com

        *Attorneys for Defendants*

---

[3] A true and correct copy of the 2 Mo. Prac., Methods of Prac.: Litigation Guide § 19:23 (4th ed.) is attached hereto as "**Exhibit 1**" for the Court's convenience.

OM 396965.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 13th day of June, 2016, with notice of case activity generated and sent electronically to:

Bryan E. Brody
bryan.e.brody@gmail.com

*Attorney for Plaintiff*

/s/ Joshua C. Dickinson