UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLINE LAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV00454 AGF |
| | ) |
| FRONTLINE ASSET STRATEGIES, LLC, and MAIN STREET ACQUISITION CORP., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This action for statutory damages brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, is before the Court on the motion of Defendants Frontline Asset Strategies, LLC ("Frontline") and Main Street Acquisition Corp. ("Main Street") for partial dismissal of Plaintiff's complaint for failure to state a claim. The only issue presented is whether a debt collector violates the FDCPA by seeking to collect post-judgment interest on an unpaid Missouri judgment in a nontort case where the state court judgment itself did not award such interest. For the reasons set forth below, the Court answers that question in the negative, and will, accordingly, grant Defendants' motion for partial dismissal.

**BACKGROUND**

Accepting Plaintiff's factual allegations as true for purposes of this motion, the record establishes the following. On December 6, 2010, Main Street filed a collection lawsuit against Plaintiff in Missouri state court for money owed on a past-due consumer credit card account, an account Main Street purchased from the original creditor. On February 7, 2011, Main Street obtained a default judgment against Plaintiff in the amount of $1,318.60 plus costs, to be determined by the court. The default judgment was silent as to the recovery of post-judgment interest. On June 22, 2012, as a result of garnishment efforts, Main Street received $745.55 toward the default judgment.

On August 3, 2015, Frontline sent Plaintiff a collection letter on behalf of Main Street stating that Plaintiff owed an outstanding balance of $1,210.49. This amount included post-judgment interest on the default judgment. Plaintiff filed the present suit in state court claiming that Defendants violated the FDCPA in that they falsely represented the character and amount of Plaintiff's debt, and attempted to collect an amount not permitted by law, and that Frontline failed to state the accurate amount of Plaintiff's debt. Plaintiff bases her allegations, in part, on the inclusion of post-judgment interest in the August 2015 collection letter.[1] Defendants removed the action to this Court on the basis of federal question jurisdiction. Defendants seek partial dismissal of Plaintiff's complaint to the extent that it is based on the legal theory that under Missouri law, post-judgment interest must be awarded in the judgment in order to be collected.

---

[1] Plaintiff also claims that even if post-judgment interest had been awarded by the court, Defendants impermissibly sought more than was due.

The statute at issue, Mo. Rev. Stat. § 408.040, provides, in relevant part, as follows:

> 1. Judgments shall accrue interest on the judgment balance as set forth in this section. The 'judgment balance' is defined as the total amount of the judgment awarded on the day the judgment is entered, including, but not limited to, principal, prejudgment interest, and all costs and fees. . . .
>
> 2. In all nontort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.
>
> 3. Notwithstanding the provisions of subsection 2 of this section, in tort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until full satisfaction. All such judgments and orders for money shall bear a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus five percent, until full satisfaction is made. The judgment shall state the applicable interest rate, which shall not vary once entered.

Defendants point to the fact that the statute states that "in tort actions . . . [t]he judgment shall state the applicable interest rate [of post-judgment interest to accrue thereon]," but does not state so with respect to nontort actions. Defendants argue that thus the plain language of the statute establishes that postjudgment interest need not be awarded in the judgment in nontort actions, such as the state court collection action in this case, in order to be collectable.

Plaintiff argues that while the award of post-judgment interest is mandatory if a party requests it, the statute does not contain any language which creates a right to post-judgment interest in the absence of an award from the court. Plaintiff contends that the

3

requirement that tort judgments state the interest rate is necessary because the applicable tort interest rate can vary day to day, but does not mean that in other cases a party may self-award post-judgment interest.

## **DISCUSSION**

The purpose of dismissal under Rule 12(b)(6) is "to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Retro Television Network, Inc. v. Lukien Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

> In Missouri,
>
> the imposition of any interest from the date of judgment until payment is fixed and determined by statute. . . . The purpose behind [§ 408.040] is to compensate a judgment creditor for the judgment debtor's delay in satisfying the judgment pending the judgment debtor's appeal. Read more broadly, post-judgment interest is awarded on the theory that it is a penalty for delayed payment of the judgment.

*Peterson v. Discover Prop. & Cas. Ins. Co.*, 460 S.W.3d 393, 413 (Mo. Ct. App. 2015) (citations omitted).

In *McGuire v. Kenoma, LLC*, 447 S.W.3d 659 (Mo. 2014), relied upon by Plaintiff, the Supreme Court of Missouri held, in the context of a tort case, that where the judgment in favor of the plaintiffs "did not award post-judgment interest or state an

applicable interest rate as prescribed in section 408.040," and the plaintiffs did not file a timely post-trial motion to request the inclusion of post-judgment interest, seek to amend the judgment, or file an appeal claiming error in the judgment, the plaintiffs could not use the *nunc pro tunc* procedure after the judgment became final on appeal, to have the judgment changed to include post-judgment interest. *Id*. at 666-67.

The Missouri Supreme Court rejected the *McGuire* plaintiffs' argument that the omission of post-judgment statutory interest was a clerical error, appropriate for *nunc pro tunc* correction, that is, an error that did not change the substance of the judgment because under § 408.040.3 the interest was automatic, as the statute did not "require any party to make a request" and was "mandatory, and the interest rate [was] fixed as equal to the Federal Funds Rate plus five percent." *Id*. at 666-67; *see also SKMDV Holdings, Inc. v. Green Jacobson, P.C.*, No. ED 102493, 2016 WL 1469995, at *17 (Mo. Ct. App. Apr. 12, 2016) (relying on *McGuire* to hold that an untimely amendment adding post-judgment interest to a judgment in a legal malpractice action was void); *Peterson*, 460 S.W. 3d at 413 (relying on *McGuire* to hold that it was improper for the trial court in an equitable garnishment action to amend a consent judgment issued two years previously in a tort action, to reflect post-judgment interest not awarded therein).

Defendants argue that *McGuire, Peterson*, and *SKMDV Holdings, Inc*., are not controlling here because they were tort cases, and the underlying judgment here arose out of a contract case. The Court agrees. Section § 408.040 specifically addresses tort cases and nontort cases separately. Only with respect to tort cases does the statute require that

"[t]he judgment shall state the applicable interest rate," language explicitly relied upon by the court in *McGuire*.

> Missouri courts hold that
>
> [t]he primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. . . . The provisions of a legislative act are not read in isolation but construed together, and if reasonably possible, the provisions will be harmonized with each other.

*State v. McLaughlin*, 265 S.W.3d 257, 267 (Mo. 2008). "A familiar principle of statutory construction . . . is that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute." *Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006). The Court does not believe that a Missouri court would expand the holding of *McGuire* and its progeny to nontort cases, and this Court declines to do so.

In sum, in Missouri, post-judgment interest is collectable in a nontort case even if the judgment did not specifically award such interest. Plaintiffs' legal theories for violation of the FDCPA based on the silence of the underlying default judgment on post-judgment interest, therefore, fail.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for partial dismissal is **GRANTED**. [Doc. No. 10.]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2016.